IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL LAMAR TURMAN | : | Civil Action No. 18- |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| V. | : | |
| | : | |
| OFFICER MISSAEL DEJESUS, | : | |
| BADGE NUMBER 266, and | : | |
| THE CITY OF READING, | : | |
| Defendants | : | |

## COMPLAINT

1. Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the actions of defendant Officer Missael DeJesus who, without probable cause or other legal authority, subjected plaintiff Turman to criminal charges after the basis for these charges were known by defendant DeJesus to be false. The actions and conduct of the defendant officer were the result of policies, practices, customs, and the deliberate indifference of the defendant City of Reading, that caused the defendant officer to fail to withdraw and to pursue criminal charges he had filed against the plaintiff after these charges were known to be false and in error. As a result, the plaintiff suffered serious injuries and harms.

### I. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## II. PARTIES

3. Plaintiff is a resident of Reading, Pennsylvania and at all times relevant to this action was in the Eastern District of Pennsylvania.

4. Defendant City of Reading is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Reading Police Department which employs Defendant DeJesus.

5. Defendant DeJesus is a police officer for the Reading Police Department. He is sued in his individual capacity.

6. At all times relevant to this Complaint, all defendants acted under color of state law.

## III. FACTUAL ALLEGATIONS

7. On or about September 8, 2017, plaintiff Turman agreed to assist a neighbor, Marc McLeish, in disposing of personal property, and on September 11, 2017, he did so by means of a sale of the property to a pawnshop, Cash Converters on Kenhorst Plaza in Reading, PA. Included in the sale was a gas-powered lawnmower owned by Mr. McLeish.

8. On September 12, 2017, the Reading Police Department ("RPD") received a complaint from a person (denominated as "Victim 1" in police reports) that her lawnmower had been stolen and may have observed at Cash Converters.

9. Defendant DeJesus was assigned to investigate the complaint and, without adequate cause or justification, concluded that the lawnmower sold by the plaintiff, and in the possession of Cash Converters, was the lawnmower allegedly stolen from Victim 1.

10. Acting on this information and erroneous conclusions, defendant DeJesus prepared a Criminal Complaint naming plaintiff Turman as the person who stole Victim 1's lawnmower. DeJesus filed this Criminal Complaint with a Magisterial District Judge in Reading on

September 18, 2017.

11. However, on September 14, 2017, *four days before the defendant DeJesus filed the Criminal Complaint,* defendant DeJesus learned from Victim 1 and other sources that the lawnmower that had been sold to Cash Converters by the plaintiff was in fact not the stolen lawnmower. Therefore, there had been no theft by plaintiff Turman and no basis for proceeding with criminal charges against him.

12. Defendant DeJesus filed the Criminal Complaint on September 18, 2017, and thereafter failed to withdraw the Complaint or take the steps necessary to terminate the criminal prosecution of plaintiff Turman.

13. On October 13, 2017, the Criminal Complaint was served on plaintiff Turman who was notified that he was charged with theft and faced criminal prosecution.

14. Plaintiff Turman, knowing that he was entirely innocent, then took steps to seek dismissal of the charges in the Criminal Complaint, including repeated requests to the defendant DeJesus and to the RPD to withdraw what was without question a false Criminal Complaint. Yet, the defendant DeJesus and the RPD failed to take any such action.

15. On or about October 17, 2017, without cause or justification, defendant DeJesus caused the plaintiff to be detained for an extended period at the police station, and not free to leave, while Mr. Turman was fingerprinted, photographed and processed on criminal charges.

16. Plaintiff Turman then requested the District Attorney to dismiss the criminal charges and on October 26, 2017, the charges were dismissed and withdrawn.

17. In the process of seeking dismissal of these false charges, plaintiff Turman was

required by policies of his then employer, Piazza Auto Group, where he was the Pre-Owned Sales Manager, to inform his employer of the charges. Soon thereafter, with the criminal charges still pending, plaintiff was terminated from his position because of the criminal charges.

18. At the time of these events, the defendant City of Reading and the RPD failed to provide or effectuate a process whereby criminal charges, such as those filed against plaintiff Turman in a Criminal Complaint, would be withdrawn where it was shown that the charges were false or unsubstantiated. To the contrary, defendant City of Reading, as a matter of policy, practice and custom, with deliberate indifference to those falsely charged, permitted and authorized the continuation of criminal prosecutions where there was no longer any legal justification for a criminal prosecution.

19. Notwithstanding the fact that defendant DeJesus and the RPD were notified on or before September 14, 2017 that the lawnmower sold by the plaintiff to Cash Converters was not Victim 1's property, thus making the charge of theft against plaintiff Turman false and without foundation, pursuant to the policies, practices and customs of the defendant City of Reading, defendant DeJesus and the RPD failed to withdraw the Criminal Complaint before it was filed four days later, and thereafter, the defendants failed to withdraw the Complaint, even in the face of irrefutable evidence that plaintiff Turman had not engaged in the criminal conduct alleged in the Criminal Complaint.

20. The failure of the defendants DeJesus and City of Reading, with deliberate indifference to the rights of plaintiff Turman not to be prosecuted without probable cause of evidence of criminal conduct, to withdraw the Criminal Complaint upon notification that the

charges were baseless and that the complainant had certified that the property allegedly stolen from her was not the lawnmower sold by plaintiff, caused plaintiff Turman to suffer deprivation of his rights to be free from false arrest, malicious prosecution, and false criminal charges.

21. Defendant officer DeJesus acted willfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional rights.

22. As a direct and proximate result of the actions of the defendants, plaintiff Turman has suffered and continues to suffer loss of income, deprivation of constitutional rights, and psychological pain and suffering.

23. Defendant City of Reading has with deliberate indifference failed to properly train, supervise and discipline the defendant officer and other officers in the RPD in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests, and prosecutions, thereby causing the violations of plaintiff's rights in this case.

24. The above described actions of the defendants caused the violations of the plaintiff's rights under the Fourth and Fourteenth Amendments and under the laws of the Commonwealth of Pennsylvania.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

25. Plaintiff incorporates by reference paragraphs 1-24 of the Complaint.

26. As a direct and proximate result of defendants' conduct, committed under color of state law, plaintiff Turnman was deprived of the right to be free from the lodging of false criminal charges, to be free from being named as a defendant in a criminal prosecution on which

there was no probable cause to believe that he could be guilty of the criminal charges, and to the loss of liberty and reputation without due process of law. As a result, the plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, and in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

27. As a direct and proximate result of the acts of defendants, the plaintiff sustained a violation of his constitutional rights, emotional harm, and financial losses.

28. Defendant City of Reading, by and through its final policymakers, has been deliberately indifferent to the need for adequate training, supervision, investigation and/or discipline of its police officers with respect to the proper exercise of police powers including, but not limited to, criminal investigations, arrests, charging of suspects, assessing investigative status at all critical stages, and prosecutions.

29. Defendant City of Reading, by and through its final policymakers, has with deliberate indifference failed to take necessary and appropriate remedial or disciplinary measures against police officers who have engaged in improper policing and/or have been the subject of civilian or internal complaints of misconduct.

30. Policymakers for defendant City of Reading had actual or constructive notice of the above practices, policies, and customs, but repeatedly failed to undertake appropriate remedial and/or disciplinary actions to curb the misconduct.

31. The unconstitutional municipal customs, practices and/or policies described above were the moving force behind the plaintiff's arrest and prosecution.

32. Defendants have by the above actions deprived plaintiff of rights secured by the

Fourth Amendment to the U.S. Constitution, all in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

33. Plaintiff incorporates by reference paragraphs 1-32 of the Complaint.

34. The acts and conduct of defendant officer DeJesus constitute false arrest, false imprisonment, abuse of process, malicious prosecution, negligent infliction of emotional distress, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to defendant DeJesus;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just; and

e. A jury trial as to each defendant and as to each count.

Respectfully submitted,

Paul Messing
David Rudovsky
KAIRYS, RUDOVSKY, MESSING,
FEINBERG & LIN, LLP
718 Arch Street, Suite 501S,
Philadelphia, PA 19106
(215) 925-4400
Counsel for Plaintiff

7